UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN TERRY PHELPS,

    Petitioner,

vs.                                    Case No.:     3:16-cv-803-J-32PDB
                                                                       3:08-cr-17-J-32PDB

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner John Terry Phelps's Unopposed Motion to Lift Stay and Adopt and Preserve Arguments. (Civ. Doc. 9). Pursuant to 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015), Petitioner moved to vacate his sentence under the Armed Career Criminal Act (ACCA). (Civ. Doc. 1). Petitioner's argument hinged on whether a pre-1997 Florida robbery is still a "violent felony" under the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i). (Civ. Doc. 9 at ¶ 2).[1] The Court stayed the case pending the resolution of United States v. Derwin Fritts, Appeal No. 15-15699-CC, which concerned that very question. (Civ. Doc. 8). Petitioner concedes that this issue was resolved against him in United States v. Fritts, — F.3d —, 2016 WL 6599553 (11th Cir. Nov. 8, 2016), where the Eleventh Circuit held that a pre-1997 Florida robbery is a "violent felony" under the elements clause. (Civ. Doc. 9 at ¶ 3).

---

[1]      Petitioner's robbery conviction was obtained in 1990. (Civ. Doc. 7 at ¶ 2).

1

As such, Petitioner concedes that Fritts requires the Court to deny his § 2255 motion. (Id. at ¶ 4). However, Petitioner requests that the Court allow him to adopt and preserve the arguments raised in Fritts so as to preserve further appellate review. (Id. at ¶ 5). Petitioner also requests that the Court grant a certificate of appealability (COA) with respect to whether he "was erroneously sentenced above the statutory maximum in light of Johnson." (Id. at ¶ 6). In doing so, Petitioner notes that even after Fritts, the Eleventh Circuit has granted a COA as to whether a pre-1997 Florida robbery qualifies as a "violent felony." (Id.) (citing Ernest King v. United States, Appeal No. 16-11082 (Nov. 9, 2016)).

The United States does not oppose lifting the stay or allowing Petitioner to adopt the arguments set forth in Fritts. (Id. at ¶ 8). However, it does oppose granting a COA. (Id.).

The Court determines that a COA is not warranted. Where binding, on-point circuit precedent (such as Fritts) resolves an issue, a COA is not warranted with respect to that issue because reasonable jurists would no longer find it debatable. In Gordon v. Sec'y, Dep't of Corrections, the Eleventh Circuit held that "[i]f the petitioner's contention about the procedural ruling against him is foreclosed by a binding decision – one from the Supreme Court or this Court that is on point – the attempted appeal does not present a substantial question, because reasonable jurists will follow controlling law." 479 F.3d 1299, 1300 (11th Cir. 2007) (emphasis added). Of course, Gordon involved a procedural ruling whereas this case involves a merits ruling, but that is a distinction without a difference. A reasonable jurist would no

more depart from binding, on-point circuit precedent on a merits issue than he would depart from binding, on-point circuit precedent on a procedural issue. Because Fritts is an on-point, binding circuit opinion that resolves whether pre-1997 Florida burglary is a "violent felony" under the ACCA, this Court will not issue a COA.[2]

Accordingly, it is hereby **ORDERED**:

1. Petitioner's Unopposed Motion to Lift Stay and Adopt and Preserve Arguments (Civ. Doc. 9) is **GRANTED**.

2. The Court directs the Clerk to lift the stay and undo the administrative closure of the case.

3. The Court considers Petitioner to have adopted the arguments set forth in the briefs in Fritts. (See Civ. Doc. 9-1; Civ. Doc. 9-2).

4. In light of the Eleventh Circuit's decision in Fritts, — F.3d —, 2016 WL 6599553, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

5. Petitioner's request for a COA is also **DENIED**.

6. The Clerk shall enter judgment in favor of the United States and against

---

[2] The Court observes that the COA in Ernest King v. United States, Appeal No. 16-11082, was issued on November 9, 2016, only one day after a panel consisting of different judges decided Fritts. As such, the Court thinks that a reasonable explanation for the issuance of the COA in King was that the issuing judge was unaware that Fritts had been decided only the day before.

Petitioner, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of December, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record